**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Barnes, | No. CV-18-00491-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| JT Shartle, et al., | |
| Defendants. | |

Plaintiff James W. Barnes filed a Prisoner Civil Rights Complaint on September 28, 2018 alleging three separate causes of action. (Doc. 1). This Court screened that Complaint and dismissed Count Two of the Complaint. (Doc. 6). Of the remaining counts, Count One describes an allegedly dangerously high dose of insulin administered to Plaintiff. (Doc. 1, pg. 5-6). Count Three describes the confiscation of Plaintiff's wheelchair and the alleged subsequent denial of mobility assistance. *Id.* at 9-10.

On March 18, 2019, Plaintiff filed a Motion to Expand the Record. (Doc. 32). On March 19, 2019, Defendants filed a Motion to Dismiss Count Three of Plaintiff's Complaint. (Doc. 30). On that same day, Defendants also filed a Motion for Extension of Time to File Answer. (Doc. 31). On April 11, 2019, Plaintiff filed a Motion for Leave to Traverse Defendants [sic] Motion to Strike Plaintiff [sic] Motion to Expand the Record. (Doc. 38). On April 19, 2019, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 40), and a Motion to Appoint Counsel (Doc. 41). On June 10, 2019, Plaintiff filed a Motion for Leave to Expand the Record in Support of Claim. (Doc. 43). The Court will address

each motion individually.

1. *Motion to Dismiss (Doc. 30)*

Defendants filed a Motion to Dismiss Count Three of Plaintiff's Complaint Without Prejudice due to Misjoinder. (Doc. 30). There, Defendants allege that Count One and Count Three of Plaintiff's Complaint set forth two different types of claims against two different sets of parties, violating Federal Rule of Civil Procedure 18(a) and 20(a). Furthermore, Defendants seek to dismiss Defendants Ash, Bass, Combs, and Parmley[1] from the case without prejudice due to misjoinder.

In the Court's October 25, 2018 Screening Order, The Court stated:

> Liberally construed, Plaintiff has sufficiently stated an Eighth Amendment medical care claim against Defendant Schuller in Count One based on the allegation that she knowingly gave Plaintiff a dangerous dose of insulin, and the Court will require Defendant Schuller to answer this portion of Count One. Liberally construed, Plaintiff has sufficiently stated an Eighth Amendment medical care claim against Defendants Parmale, Combs, Ash, and England in Count Three, and the Court will require these Defendants to answer Count Three.

(Doc. 6, pg. 14-15).

Plaintiff's claim in Count One solely pertains to a dangerously high dose of insulin allegedly administered to Plaintiff by Defendant Schuler. Plaintiff's Claim in Count Three, however, pertains to a wholly unrelated incident involving the confiscation of Plaintiff's wheelchair and the alleged denial of any mobility assistance equipment by Defendants Ash, Bass, Combs, and Parmley. Federal Rule of Civil Procedure 18(a) permits unrelated claims against a singular opposing party to be joined together in the same case. Similarly, Rule 20(a) permits multiple defendants to be joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

In this case, the claims alleged in Count One and Count Three are not claims that

---
[1] Defendants note that in Plaintiff's Complaint Defendant Bass was referred to as "England," Parmley as "Parmale," and Schuler as "Schuller."

are alleged against a singular opposing party. Plaintiff's claim in Count One is alleged solely against Defendant Schuler, whereas, Plaintiff's claim in Count Three is alleged against Defendants Ash, Bass, Combs, and Parmley. Therefore, those claims may not generally be brought together pursuant to Federal Rule of Civil Procedure 18(a). Furthermore, the claims alleged in Count One do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims alleged in Count Three. The claims alleged in Count One relate solely to the administration of an allegedly dangerously high dose of insulin to Plaintiff, whereas the claims alleged in Count Three relate solely to series of incidents where Plaintiff was denied the use of mobility assistance equipment. Multiple defendants may only be joined together in one action if the claims alleged against them arise from the same transaction, occurrence, or series of transactions. The claims alleged by Plaintiff in Count One and Count Three are distinct and are unsuitable for joinder.

Ordinarily, "[i]f the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Plaintiff's claim in Count Three arises from 42 U.S.C. § 1983, which "does not contain a statute of limitations. Rather, federal courts apply the forum state's personal injury statute of limitations for section 1983 claims." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Dec. 13, 1999). "In Arizona, the limitations period for personal injury claims is two years." *Finkle v. Ryan*, 174 F. Supp. 3d 1174, 1186 (D. Ariz. 2016). That two-year clock commences "within two years after the cause of action accrues." Ariz. Rev. Stat. Ann. § 12-542.

Defendants allege that "Plaintiff would suffer no unfair prejudice if Count Three were severed for misjoinder. Plaintiff's claims arising from incidents on April 26, 2017 and July 21, 2017 remain timely and may be refiled prior to April 26, 2019 and July 21, 2019, respectively." (Doc. 30, pg. 7). While Plaintiff may have been able to reassert his claims in March 2019, when Defendants initially filed their Motion to Dismiss, Plaintiff's

claims in Count Three are now untimely. Defendants allege that it would be prejudicial for Defendant Schuler to have her claims tried alongside the remaining defendants, and that it would be "potentially confusing for a jury to hear expert testimony involving wheelchairs and mobility when the sole claim against Defendant Schuler involves a single insulin administration." (Doc. 30, pg. 7). However, if Count Three is dismissed, Plaintiff would be time-barred from re-raising those allegations. A severance of misjoined parties is discretionary, and severance is only available "so long as no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1350. In this circumstance, the Court finds that a severance is inappropriate and Defendants' Motion to Dismiss will be denied without prejudice.

The Court acknowledges that if this case proceeds through trial, it may be necessary to sever the Plaintiff's claims in order to mitigate any possible prejudice to Defendants and a possible risk of confusing the jury. Therefore, Defendants may reintroduce this request at a later date as necessary.

*2. Motion for Extension of Time (Doc. 31)*

Defendants request a fourteen (14) day extension of time to respond to Plaintiff's Complaint until after the Court's adjudication of the pending Motion to Dismiss and allege that the Motion to Dismiss presents a threshold issue that will determine the parties and claims in this litigation. The Court finds that the Defendants have provided good cause and the Motion for Extension of Time (Doc. 31) is granted.

*3. Motion to Expand the Record (Doc. 32) and (Doc. 43)*

Plaintiff has filed two separate Motions to Expand the Record, both of which describe Plaintiff's medical history. Both Motions include information that should more appropriately be disclosed to Defendants during discovery, or attached as exhibits to a possible dispositive motion, and not to the Court. Furthermore, to the extent that these motions include additional claims that Plaintiff wishes to allege, Plaintiff is directed to file a motion for leave to amend his complaint. Accordingly, these motions will be denied.

…

### 4. Motion for Leave to Traverse Defendants' Motion to Strike Plaintiff's Motion to Expand the Record (Doc. 38)

On April 11, 2019, Plaintiff filed the pending motion. In it, Plaintiff requests the Court's leave to file a motion to contest his Motion to Expand the Record (Doc. 32). The Court will construe Plaintiff's Motion as a request to file a reply to the government's response. The government has indicated that to the extent Plaintiff requires additional time to file and serve a responsive memorandum, that it does not oppose it. However, The Court has determined that Plaintiff's Motion to Expand the Record (Doc. 32) has been improperly filed and, therefore, the Court will deny the pending Motion for Leave (Doc. 38) as moot.

### 5. Motion for Leave to Amend the Complaint (Doc. 40)

Plaintiff filed a Motion for Leave to Amend the Complaint in order to "rectify the improper spelling" of the names of Defendants Schuler, Parmley, and Bass. Plaintiff also includes a brief sentence requesting the Court "to not dismiss count three or any part of his complaint due to misjoinder." (Doc. 40-1, pg. 2). The Court notes that Plaintiff was afforded an opportunity to provide a response to Defendant's Motion to Dismiss and did so on April 2, 2019. (Doc. 34). As such, the Court will disregard Plaintiff's request as it pertains to Defendant's Motion to Dismiss. With respect to the Motion to Amend, to the extent that Plaintiff seeks only to amend his Complaint to correct the spelling of party names, Plaintiff's request is denied. The Court directs the parties, however, to provide the correct spelling of Defendants Schuler, Parmley, and Bass's names in any subsequent pleadings.

### 6. Motion to Appoint Counsel (Doc. 41)

Plaintiff requests the Court appoint counsel to represent him in this action. As stated in the Court's Screening Order (Doc. 6), there is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). This concept also extends to habeas actions. *See Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel on habeas"). Counsel is generally only appointed in exceptional circumstances, based in part

on "the ability of the plaintiff to articulate his claims in light of their complexity." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). There are no exceptional circumstances present in this case and Petitioner has appeared to have done an admirable job articulating his claims without the aid of counsel. Therefore, Petitioner is not entitled to counsel and the Court finds no reason to appoint counsel at this time.

Accordingly, IT IS ORDERED:

1. Defendants' Motion to Dismiss (Doc. 30) is **denied**.
2. Defendants' Motion for Extension of Time (Doc. 31) is **granted**.
3. Plaintiff's Motions to Expand the Record (Doc. 32) and (Doc. 43) are **denied**.
4. Plaintiff's Motion for Leave to Traverse Defendants' Motion to Strike Plaintiff's Motion to Expand the Record (Doc. 38) is **denied**.
5. Plaintiff's Motion for Leave to Amend the Complaint (Doc. 40) is **denied**.
6. Plaintiff's Motion to Appoint Counsel (Doc. 41) is **denied**.

Dated this 26th day of August, 2019.

Honorable Cindy K. Jorgenson
United States District Judge